854 F.2d 528
 272 U.S.App.D.C. 119
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Ned S. SNYDOR, Petitioner,
v.
HEMINGWAY TRANSPORT, et al., and Director, Office of
Workers' Compensation Programs, U.S. Department of
Labor, Respondents.
 No. 86-1558.
 United States Court of Appeals, District of Columbia Circuit.
 Aug. 11, 1988.
 
 Before WALD, Chief Judge and SPOTTSWOOD W. ROBINSON III and SILBERMAN, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on the petition for review from the Benefits Review Board, United States Department of Labor, and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the petition for review of the Benefits Review Board order filed August 26, 1986, be denied.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 Petitioner Ned S. Snydor seeks review of a decision of the Benefits Review Board, United States Department of Labor. That decision affirmed an administrative law judge's ("ALJ") order which awarded petitioner temporary disability benefits, under the Longshoremen's and Harbor Workers' Compensation Act ("LHWCA"),[1] for incapacity due to an ulcer for the periods from November 26 through December 9, 1980, and from September 21 through December 18, 1981. Petitioner claims that the Board and the ALJ erred both in not awarding benefits for his ulcer-related disability beyond December 18, 1981, and in determining that petitioner's rectal problems were not compensable. Finding no merit in either of these contentions, we deny the petition for review.
 
 
 5
 Under the LHWCA, the Board is bound to regard the ALJ's findings of fact as conclusive if supported by substantial evidence on the record as a whole. 33 U.S.C. Sec. 921(b)(3). See Stevenson v. Linens of the Week, 688 F.2d 93, 96-97 (D.C.Cir.1982). As a result, the scope of this court's review is limited to ascertaining "(1) whether the Board adhered to the applicable scope of review, (2) whether the Board committed any errors of law, and (3) whether the ALJ's findings are supported by substantial evidence on the record considered as a whole." Crum v. General Adjustment Bureau, 738 F.2d 474, 477 (D.C.Cir.1984). See Marcus v. Director, Office of Workers' Compensation Programs, 548 F.2d 1044, 1049 (D.C.Cir.1976).
 
 
 6
 In this case, the Board correctly affirmed the ALJ's decision to deny disability benefits beyond December 18, 1981, since that decision was supported by substantial evidence in the record. See Crum, 738 F.2d at 478 (The Board is "bound to adhere to the ALJ's determination ... if that conclusion was supported by substantial evidence."). It is undisputed in the record that petitioner was able to return to work as of December 19, 1981. Substantial evidence also supported the ALJ's conclusion that the possibility of recurrence of an ulcer would not have precluded petitioner from returning to work as of that date. This evidence included the several physicians' evaluations of petitioner's condition, none of which stated that petitioner should refrain from returning to work due to the possibility of recurrence of the ulcer. Indeed, petitioner's attending physician declared that he could "definitely" return to work as of December 19, 1981. Thus, we find no error in either the ALJ's decison to deny petitioner disability benefits on a continuing basis after December 18, 1981 or in the Board's affirmation thereof.[2]
 
 
 7
 Similarly, we find no error in the ALJ's findings that petitioner's rectal problems were not compensable. The record wholly supports the ALJ's determination that no disability resulted from petitioner's hemorrhoids and anal fissures. All examining physicians were in complete accord that petitioner's rectal problems were not severe enough to preclude him from performing his duties as a truck driver. Furthermore, although the Board did not address specifically whether petitioner's rectal problems were work-related, there is substantial evidence corroborating the ALJ's conclusion that neither the hemorrhoids nor the anal fissure arose out of or occurred in the course of petitioner's employment. Accordingly, the petition for review is denied.
 
 
 
 [1]
 33 U.S.C. Secs. 901-50. The LHWCA provided workers' compensation to individuals employed in the District of Columbia until July 1982. See D.C.Code Ann. Sec. 36-501 (1973). See also Gustafson v. International Progressive Enterprises, 832 F.2d 637, 638 n. 1 (D.C.Cir.1987). Injuries incurred after that date are covered by the District of Columbia Workers' Compensation Act of 1979, D.C.Code Secs. 36-301--36-345. Because petitioner's claim arose prior to the effective date of the Workers' Compensation Act of 1979, this case is governed by the LHWCA
 
 
 [2]
 Petitioner incorrectly relies upon Crum v. General Adjustment Bureau, supra, to support his contention that the possibility of ulcers recurring, were he to return to work, justifies awarding benefits on a continual basis beyond December 18, 1981. In Crum, the claimant's physician determined that the stressful conditions of his job as an insurance adjuster aggravated his coronary condition, and that if he were to return to work, the symptoms would recur and become disabling. Based upon that evidence, the ALJ concluded that Crum was permanently disabled. The Board subsequently reversed the ALJ's decision, determining that Crum was only entitled to temporary disability benefits since his chest pains had subsided after he left his former employment. This court reversed the Board's decision, holding that the ALJ's ruling, that Crum was permanently disabled because his symptoms would recur if he were to return to work, was supported by substantial evidence and that the Board should not have reviewed the matter de novo
 Here, as stated above, there is substantial evidence in the record to uphold the ALJ's determination that petitioner's ulcer condition was not permanently disabling. In addition, unlike the situation in Crum, petitioner's physician did not advise him to quit his job because of the possibility that his ulcer may recur.